DAVID E. RUSSELL & another[1] *vs.* KENNETH N. DENTON & another;[2] MILTON SAVINGS BANK, third-party defendant. July 12, 1982. In November, 1974, Russell and his wife (the Russells) bought from two of the defendants, Denton and Fontaine, Unit 25-4 in Phase III of a condominium development in Dennis. Papers were passed on November 29, 1974. The Russells then paid the purchase price of $46,175. The Russells "passed papers without an attorney, although they had discussed the condominium documents with their personal attorney." The development was subject to mortgages (given in 1972 and thereafter) to Milton Savings Bank (the bank). By arrangement with the bank in August and September, 1974, the bank had agreed to issue partial releases of certain lots, including Unit 25-4, without consideration, as the lots were sold. Denton "had requested a partial release [for Unit 25-4] of . . . [a] mortgage . . . [held by the bank] but failed to follow up . . . and . . . obtain . . . and record" the partial release. In June, 1976, the Russells were notified by the bank that it proposed to conduct a mortgagee's sale at auction of property, including the Russells' condominium unit, in foreclosure of four mortgages given to the bank by Denton and Fontaine.

The Russells on June 17, 1976, obtained from the bank a partial release of the mortgages in return for a payment of $30,900. Of this sum $20,000 was obtained by a mortgage from the Russells to the bank. Subsequently the Russells negotiated a settlement with the bank in which it returned to them $30,450. A general release to the bank, dated July 20, 1977, signed by the Russells, recited that, "in consideration of . . . $30,450" paid by the bank, they released the bank of all claims arising out of their claims against the bank in this proceeding. A second document, dated August 16, 1977, recited that, for the same consideration, the Russells consented to the enlargement of the condominium area and agreed to assist the bank "in convincing other condominium unit owners" to give similar assent

---

[1] His wife, Geraldine F. Russell.

[2] Raymond E. Fontaine.

"by indicating . . . [their] own assent." The foregoing statement is based on facts found by the trial judge after trial, on documentary exhibits, and on requests of the defendant Fontaine for findings which were granted by the judge.

On August 18, 1976, the Russells sent through their attorney to Denton and to Fontaine a demand letter pursuant to G. L. c. 93A, § 9. Replies, in behalf of Denton, were sent on August 24, 1976, by Denton himself, and on August 25, 1976, by his attorney. In behalf of Fontaine under date of September 16, 1976, a reply was sent by Fontaine's attorneys. No one of these replies made any offer of settlement.

The Russells, on October 13, 1976, filed their complaint in this proceeding alleging, among other things, (a) that they had made an agreement with Denton and Fontaine to purchase Unit 25-4, which bound the vendors to convey to them "a good and clear record and marketable title . . . free of [any mortgage] encumbrances" (with certain exceptions including the "master deed" establishing the condominium, which contained references to the mortgages); (b) that the quitclaim unit deed (see G. L. c. 183, § 11) given to them contained no reference to any then outstanding mortgages; (c) that, to obtain a partial release, they had been compelled to pay the bank $30,900; and (d) that the false representations by Denton and Fontaine constituted "an unfair and deceptive act" under G. L. c. 93A, § 9.

The case was heard (without a jury) by a District Court judge, sitting by statutory authority in the Superior Court. In addition to his findings, already summarized, he found that the Russells were "attempting to recover twice for the same injury," that the defendants' "responses . . . to the [c.] 93A demand letters were not in bad faith," and that Russell's testimony "that the consideration for the payment of $30,450 [in the settlement with the bank] was only for his cooperation in connection with" the enlargement of the condominium area "and persuading others to consent . . . was untruthful." The trial judge ordered that judgment be entered for the Russells against Denton and Fontaine "in the amount of $2,950 . . . ($30,900 minus $30,450, plus interest [apparently on the Russells' $20,000 mortgage to the bank] of $2,500 . . .), plus interest and costs." From a judgment on July 8, 1981, in accordance with this order, the Russells appealed.

The evidence is before us. The Land Court Memorandum Unit Ownership certificate disclosed the several mortgages to the bank. Russell admitted that he and his wife had received, prior to the signing of the purchase and sale agreement, copies of the master deed to the condominium project which disclosed the outstanding mortgages to the bank. The written arrangements by Denton with the bank in the summer of 1974 (for it to give partial releases of its mortgages without consideration, with respect to certain units including Unit 25-4, upon their sale) are before us, as is Denton's request for such a release by letter on November 23, 1974.

There was testimony (a) that Denton had failed for some reason to press his request until 1976 (when he first learned that the release had not been given, perhaps because of the fatal illness of the condominium's lawyer late in 1974, and death in January, 1975); (b) that the bank failed to give such a release in 1976 in circumstances which could have been found to have made the refusal unreasonable; and (c) that Denton at all times intended that there should be a partial release of the bank's mortgages.

Upon the evidence including exhibits, the trial judge was well justified in refusing to give various of the Russells' requests for rulings, for example (1) that there was a knowing and wilful violation of G. L. c. 93A, § 2, and (2) that Denton's refusal to offer any settlement in his response to the demand letter was in bad faith. The judge was not obliged to believe Russell's unconvincing testimony that the bank paid him and his wife $30,450 merely for cooperation with the bank in obtaining consents to the expansion of the condominium, in the face of the explicit terms of the Russells' release to the bank of July 20, 1977. We interpret the judge's findings and rulings (as expanded by his allowance of most of the defendant Fontaine's requests) as a decision that there were no "unfair and deceptive acts or practices" by either Denton or Fontaine within the meaning of G. L. c. 93A, § 2, inserted by St. 1967, c. 813, § 1. His decision seems in no respect to be "clearly erroneous." Mass.R.Civ.P. 52(a), 365 Mass. 730 (1974).

*Judgment affirmed.*

*Martin W. Cohen* for David E. Russell & another.
*Harry L. Manion, III,* for Raymond E. Fontaine.